IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPENCER C. SHIELDS,

                Plaintiff,

      v.

U.S. BANK NATIONAL ASSOCIATION
ND, f/n/a FIRST BANK OF SOUTH
DAKOTA (NATIONAL ASSOCIATION), US
BANCORP INSURANCE SERVICES, INC.,
and US BANCORP f/k/a FIRST BANK
SYSTEMS, INC.,

                Defendants.

Case No. 05-CV-2073 CM/DJW
_____

## NOTICE OF REMOVAL

        Defendants, U.S. Bank National Association ND, f/n/a First Bank of South Dakota (National Association), U.S. Bancorp Insurance Services, Inc., and U.S. Bancorp f/k/a First Bank Systems, Inc. (collectively "U.S. Bank"), by and through their attorneys, Shook, Hardy & Bacon L.L.P., hereby provide notice of the removal of this action from the Johnson County, Kansas District Court, Case No. 05-CV-677 to this Court, pursuant to 28 U.S.C. § 1441. Removal is proper because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

## I.    INTRODUCTION

        1.    On or about January 26, 2005, Plaintiff Spencer C. Shields ("Shields") filed his Petition for Damages in the Johnson County, Kansas District Court (A copy of the Petition for Damages is attached hereto as Exhibit A).

        2.    Shields' action purports to state claims for, *inter alia*, violations of federal law, including, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

3.      Shields' Petition for Damages is the only pleading that has been filed in the Johnson County, Kansas Case No. 05 CV 00677.

## II.     NOTICE OF REMOVAL IS TIMELY

4.      U.S. Bank was notified of Shields' Petition for Damages on or about February 2, 2005. The Petition for Damages was the first pleading filed that provided U.S. Bank with notice of the purported claims for relief upon which the action is based.

5.      Accordingly, this Notice of Removal is filed within the 30-day time period established by U.S.C. § 1446(b) and D. Kan. R. 81.1(a).

## III.    FEDERAL QUESTION JURISDICTION EXIST

6.      This is a civil action that this Court has original jurisdiction over pursuant to 28 U.S.C. § 1331 and is one that may be removed pursuant to 28 U.S.C. § 1441 because it purports to "arise under the Constitution, laws, or treaties of the United States." Specifically, Plaintiff alleges U.S. Bank violated federal law, including the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

7.      This court may exercise supplemental jurisdiction over the non-federal claims pursuant to 28 U.S.C. § 1367(a).

## IV.    REMOVAL TO THIS DISTRICT IS PROPER

8.      Pursuant to D. Kan. Rule 81.1(b), removal to this Court is proper because the Johnson County, Kansas District Court is within the Tenth Judicial District of Kansas.

9.      Pursuant to D. Kan. R. 81.2, U. S. Bank will procure and file all records and proceedings had in Johnson County, Kansas, Case No. 05-CV-00677.

2

436929v1

10.     Pursuant to 28 U.S. C. § 1446(d) and D. Kan. Rule 81.1(c), written notice of the filing of Notice to Plaintiff of Removal and Notice to the District Court of Johnson County will be promptly served.  (A copy of each is attached as Exhibit B).

11.     U.S. Bank hereby reserves any and all rights to assert any and all defenses to the Petition for Damages, including, but not limited to, the insufficiency of process or insufficiency of service of process, lack of personal jurisdiction, and improper venue.

12.     U.S. Bank reserves the right to amend or supplement this Notice of Removal.

13.     All defendants consent to the removal of this action.

WHEREFORE, U.S. Bank prays the United States District Court for the District of Kansas take jurisdiction of this action and proceed to final determination thereof.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By:  _s/Toby Crouse_____
    TOBY CROUSE, #20030
    TIMOTHY M. O'BRIEN, #11750
84 Corporate Woods
10801 Mastin, Suite 1000
Overland Park, Kansas 66210-1671
Telephone: (913) 451-6060
Facsimile: (913) 451-8879
Email: tcrouse@shb.com
Email: tobrien@shb.com

ATTORNEY FOR DEFENDANTS
U.S. BANK NATIONAL ASSOCIATION ND,
f/n/a FIRST BANK OF SOUTH DAKOTA
(NATIONAL ASSOCIATION), U.S. BANCORP

3

INSURANCE SERVICES, INC., and U.S.
BANCORP f/k/a FIRST BANK SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February 2005, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system.

I further certify, that on the 22nd day of February 2005, a true and correct copy of the above and foregoing was sent by U.S. Mail, first-class, postage prepaid, to:

Spencer C. Shields
HAYES & KIELER, L.L.C.
Commerce Plaza I
7300 West 110th Street, Suite 900
Overland Park, Kansas 66210-2387

PLAINTIFF PRO SE

s/Toby Crouse
Attorney for Defendants

436929v1

4

# EXHIBIT A

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DIVISION

SPENCER C. SHIELDS,                    )          05 CV 00677
                                       )
            Plaintiff,                 )
                                       )    Case No.:      3
                                       )    Court No.:
      vs.                              )
                                       )
US BANK NATIONAL ASSOCIATION ND,       )
f/n/a FIRST BANK OF SOUTH DAKOTA       )
(NATIONAL ASSOCIATION), US BANCORP     )
INSURANCE SERVICES, INC., and          )
US BANCORP f/k/a FIRST BANK SYSTEMS,   )
INC.,                                  )
                                       )
            Defendant.                 )

## PETITION FOR DAMAGES

COMES NOW the plaintiff, Spencer C. Shields, and for his causes of action

against the defendant, US Bank National Association ND (hereinafter referred to as

Defendant US Bank), alleges and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff is a resident and citizen of Olathe, Johnson County, Kansas.

2. Defendant is a foreign corporation authorized to transact business in the State of

   Kansas; specifically, Defendant is authorized to provide banking and financial

   services, including but not limited to the sale of home mortgages and home equity

   lines of credit.

3. Defendant can be served with process by serving its resident agent, The

   Corporation Company, Inc., 515 South Kansas Avenue, Topeka, Kansas 66603.

4. Venue and jurisdiction properly lie with this Court.

5. On or about May 21, 1999, Plaintiff contracted with Defendant for a $50,000.00

   home equity line of credit (HELOC), secured by a 2nd mortgage in Defendant's

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2005 JAN 26  PM 4: 03

name filed against Plaintiff's primary residence at 12714 S. Rene, Olathe, Kansas 66062.

6.  Defendant assigned loan number 66200105733520998 to Plaintiff's $50,000.00 home equity loan.

7.  Terms of the repayment of the loan called for 240 monthly payments at $484.83 per month.

8.  At Defendant's request and in conjunction with the loan being issued, Plaintiff opened a checking account at Defendant's bank, checking account number 104770929966 and in the name of Spencer and Suzette Shields (Plaintiff is no longer married to Suzette Shields), for the specific purpose of having the $484.83 monthly payment automatically withdrawn from said checking account by Defendant on the 30th of each month, beginning June 30, 1999.

9.  Up and through the present date, Plaintiff has made all scheduled payments in the amount of $484.83 per month on loan number 66200105733520998.

10. Beginning in or around December 2002, Plaintiff began receiving numerous collection notices from Defendant US Bank and its collection agents that the above stated US Bank loan was in arrears.

11. Plaintiff made numerous phone calls to Defendant regarding this matter in December 2002 and January 2003; Plaintiff made three personal appearances at the US Bank branch in Olathe, Kansas to discuss the matter with US Bank personnel and managers; and Plaintiff sent correspondence to Defendant on January 13, 2003 denying any past due obligations and demanding that Defendant provide proof of any and all alleged amounts that it claimed were overdue.

2

12. Defendant responded by continuing to pilfer Plaintiff with disparaging collection
    notices in the mail, and by placing harassing collection phone calls to his home
    and work. Defendant never submitted proof to Plaintiff of any alleged amounts
    overdue. At Plaintiff's in person meetings with US Bank personnel at the Olathe
    bank branch, US Bank managers never could provide proof to Plaintiff of any
    alleged amounts overdue. In fact, they advised Plaintiff that they could not see
    where he had ever missed a payment.

13. Plaintiff sent correspondence to Defendant again on January 14, 2003, demanding
    that Defendant stop all collection activities with regard to any and all past due
    amounts it claimed was owed by Plaintiff.

14. Defendant continued to respond by continuing to pilfer Plaintiff with disparaging
    collection notices in the mail, and by placing harassing collection phone calls to
    his home and work.

15. Defendant further referred collection activities to a third-party collection agent,
    Capital Management Services, Inc. of Buffalo, New York, who mailed a
    collection notice to Plaintiff on or about January 21, 2004.

16. At all times, Capital Management Services, Inc. was acting as a collection agent
    on behalf of Defendant.

17. On February 10, 2003, at Plaintiff's request Defendant agreed to begin sending
    Plaintiff monthly billing invoices on the above referenced home equity loan, yet
    to this date has never sent Plaintiff a billing statement.

18. Further, as of February 10, 2003, Defendant alleged that Plaintiff owed $377.27
    toward his US Bank checking account, and $682.83 toward his US Bank HELOC.

3

19. By way of correspondence to Defendant dated February 10, 2003, Plaintiff once again denied any past due debt obligations owed to Defendant, and demanded proof of the same from Defendant.

20. Defendant continued to respond by continuing to pilfer Plaintiff with disparaging collection notices in the mail, and by placing harassing collection phone calls to his home and work. Further, Defendant began charging fraudulent overdraft fees and over limit fees to Plaintiff's US Bank accounts.

21. On March 12, 2003, Plaintiff again sent written correspondence to Defendant denying any past due obligations owed to Defendant, and demanding proof from Defendant as to all alleged past due amounts. Further, Plaintiff once again demanded billing statements be sent to his attention monthly, and that his ex-wife's name (Suzette Shields) be taken off of the billing statements and all correspondence from US Bank, both of which have yet to be performed by Defendant.

22. The amounts that Defendant alleged in writing that Plaintiff owed would fluctuate monthly, with no documentation ever produced by Defendant which substantiated any amounts to be past due and owing.

23. On April 1, 2003, David Jazz at US Bank wrote correspondence to Plaintiff in which Mr. Jazz indicated that the past due amount owing to Defendant was $198. Defendant still offered no proof of where or for what such money was owed. Further, Defendant indicated that a re-affirmation agreement would be needed in order to bill Plaintiff per Plaintiff's request.

4

24. The law does not require a re-affirmation agreement to be signed for the simple task of removing an ex-wife's name from a billing statement. At no time did Plaintiff ever request that the home equity loan be reaffirmed; but simply that his ex-wife's name be removed from any and all mailings from US Bank. This fact is relevant as it shows the incompetence of Defendant.

25. Defendant continues through the present date to respond to Plaintiff's requests for written documentation of any alleged amounts overdue by pilfering Plaintiff with harassing collection phone calls to his home and work.

26. Through the present date, Defendant has made over 61 unsolicited, harassing phone calls to Plaintiff's home and work in an attempt to collect undocumented and unsubstantiated alleged overdue amounts.

27. Further, Defendant has placed harassing phone calls to Plaintiff's ex-wife's place of business on several occasions, even after Plaintiff advised Defendant that he was divorced and responsible for the home equity line payments by way of the decree of divorce issued by the District Court of Johnson County, Kansas.

28. Defendant eventually placed these alleged overdue accounts with Capital Management Services, Inc., a debt collection agency, who made several harassing and unsolicited phone calls to Plaintiff's home and work on Defendant's behalf.

29. Defendant and/or Capital Management Services, Inc. subsequently recorded these alleged bad, unpaid debts as "charge-offs" on Plaintiff's national credit reports maintained by Experian, CSC Credit Services, Trans Union and other similar national credit bureaus.

30. Defendant has further reported to national credit bureaus that Plaintiff has been 30 to 60 days late on his monthly HELOC payments on numerous occasions and almost every month since January 2003.

31. Defendant has been providing national credit bureau's with inaccurate and false information on Plaintiff's payment history on the above stated US Bank loan, when it knew that such information was disputed by Plaintiff and could not be documented by its own personnel and documents.

32. Defendant's conduct is willful, wanton and/or intentional toward Plaintiff.

33. This matter has now caused an adverse impact on Plaintiff's credit history, causing Plaintiff to be denied financing on various lines of credit over the last several months, including but not limited to home refinancing and financing on a new home purchase, all to Plaintiff's economic damage and suffering.

## COUNT I - PLAINTIFF'S CLAIM OF BREACH OF CONTRACT

34. Plaintiff incorporates herein paragraphs 1 through 33 as stated above.

35. Plaintiff and Defendant executed a form U.S. Bank Home Equity Line Agreement on or about May 21, 1999 in conjunction with Defendant issuing Plaintiff a $50,000.00 home equity line of credit.

36. On page four of five of the Agreement, under the section titled "Your Billing Rights", Plaintiff was directed to put in writing to Defendant any and all disputed over due amounts, and to do such within 60 days of receiving notice from Defendant.

6

37. On January 13, 2003; January 14, 2003; February 10, 2003; and March 12, 2003; Plaintiff made four separate written requests upon Defendant disputing the validity of any unpaid amounts and demanding of Defendant to provide proof of any and all alleged overdue amounts.

38. Under the Agreement, Defendant was required to acknowledge Plaintiff's letters within 30 days of receiving them, and within 90 days Defendant was to have either corrected the error or provide a written explanation why Defendant believes the statement was correct.

39. Defendant never complied with the terms of the Agreement, and never provided Plaintiff with a written explanation why Defendant believes the statements were correct.

40. Further, implied within the Agreement as a matter of law is the understanding that if Plaintiff made his scheduled payments on the HELOC loan, that Defendant would not place Plaintiff in collection and or report false and disparaging remarks on his national credit bureau files.

41. Defendant breached the Agreement as well in this regard.

42. Further, the Agreement requires that after Defendant receives Plaintiff's letters of dispute, that Defendant cannot try to collect any amount questioned or report the account as past due.

43. Defendant again violated the Agreement after receiving Plaintiff's letters, and continued to attempt to collect the alleged debts with traditional debt collection practices, including but not limited to referring the matter to a third-party

7

collection agency, and further falsely reporting to national credit bureau's that

Plaintiff was past due on his account payments.

44. As Defendant has violated the Agreement on numerous occasions, it cannot now

enforce its rights under the Agreement.

WHEREFORE, Plaintiff prays for actual damages associated with all service and/or

late charges fraudulently billed by US Bank; for unliquidated, consequential damages in

excess of $75,000 which are causally related to its breaches of contract; for punitive

damages; for the costs of this action; for statutory interest; for his attorney fees incurred

in pursuing this action against Defendant; and for all other relief the Court deems just and

proper.

### COUNT II - PLAINTIFF'S EQUITABLE CLAIM FOR DECLARATORY JUDGMENT FINDING THAT DEFENDANT US BANK CANNOT NOW ENFORCE ITS RIGHTS UNDER THE CONTRACT GIVEN DEFENDANT US BANK'S BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTIES AND UNCLEAN HANDS

45. Plaintiff incorporates herein paragraphs 1 through 44 as stated above.

46. In equity, Defendant US Bank should be barred as a matter of law from now

enforcing any of its rights under the contract in place between Plaintiff and

Defendant, including but not limited to enforcing its lien rights against Plaintiff's

homestead and/or calling the loan.

47. In equity, this Court should vacate Defendant's lien rights under the contract.

WHEREFORE, Plaintiff prays for declaratory judgment finding that Defendant US

Bank cannot now enforce its rights under the contract given Defendant's breaches of

contract, breach of fiduciary duties and unclean hands; for the costs of this action; for

statutory interest; for his attorney fees incurred in pursuing this action against Defendant;
and for all other relief the Court deems just and proper.

## COUNT III – PLAINTIFF'S CLAIM OF DEFENDANT'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 *et seq.* (FCRA)

48. Plaintiff incorporates herein paragraphs 1 through 47 as stated above.

49. Defendant was required under the Fair Credit Reporting Act to timely investigate the validity of the disputed charges that Plaintiff denied owing by way of written correspondence mailed to Defendant US Bank on four separate occasions: January 13, 2003; January 14, 2003; February 10, 2003; and March 12, 2003.

50. Defendant was further required to notify all credit reporting agencies that Plaintiff disputed the validity of the alleged unpaid debts.

51. Defendant instead provided all three major credit reporting depositories (Experian, CSC Credit Services, and Trans Union), as well as other credit reporting depositories, with false and misleading information regarding Plaintiff's payment history on his US Bank HELOC loan.

52. Defendant also initiated collection activities against Plaintiff, while knowing that Plaintiff disputed the validity of the debts allegedly owed and that it could not verify the alleged debts with its personnel or internal documents.

53. Defendant violated its investigation and reporting duties under the Fair Credit Reporting Act.

54. Defendant acted knowing and intentionally with regard to Plaintiff, and exhibited a conscious disregard to the rights of Plaintiff.

9

55. As a direct and proximate result of Defendant's intentional and willful conduct, Plaintiff suffered mental anguish, anxiety and loss of reputation in the community.

56. Further, as a direct and proximate result of Defendant's intentional and willful conduct, Plaintiff sustained economic damages with regard to being denied credit on the refinancing of his home on certain terms with First National Bank of Omaha in September 2004 and January 2005; and further, Plaintiff was denied financing on a new home purchase in Olathe, Kansas, which caused Plaintiff to lose the home purchase, costing Plaintiff economic damages exceeding $180,000.00.

57. Defendant possesses no justification or excuse for its knowing and willful conduct with regard to the rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000; for punitive damages provided for under the Fair Credit Reporting Act; for the costs of this action; for statutory interest; for his attorney fees incurred in pursuing this action against Defendant; and for all other relief the Court deems just and proper.

## COUNT IV - PLAINTIFF'S CLAIM OF DEFENDANT'S VIOLATIONS OF THE KANSAS FAIR CREDIT REPORTING ACT, K.S.A. 50-701 *et seq.*

58. Plaintiff incorporates herein paragraphs 1 through 57 as stated above.

59. Defendant US Bank is subject to the provisions of the Kansas Fair Credit Reporting Act.

60. Defendant US Bank had direct notice that Plaintiff disputed the validity of any and all alleged amounts due, and Defendant US Bank knew that it could not prove the validity of any and all alleged amounts due either through its personnel or internal documents.

61. At the time that Defendant supplied national credit bureaus, including but not limited to Experian, CSC Credit Services and Trans Union, with inaccurate and unsubstantiated information about Plaintiff's payment history on the above stated HELOC, Defendant knew that such information was inaccurate and false.

62. Defendant acted with malice and willful intent to injure Plaintiff.

63. Defendant is liable to Plaintiff for actual and punitive damages and reasonable attorney's fees pursuant to K.S.A. 50-709(e) for its malicious and willful conduct.

64. Defendant is further liable to Plaintiff for actual and punitive damages and reasonable attorney's fees pursuant to K.S.A. 50-715 for its willful noncompliance with the Kansas Fair Credit Reporting Act.

65. Defendant is further liable to Plaintiff for actual and punitive damages and reasonable attorney's fees pursuant to K.S.A. 50-716 for its negligent noncompliance with the Kansas Fair Credit Reporting Act.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000; for punitive damages provided for under the Kansas Fair Credit Reporting Act; for the costs of this action; for statutory interest; for his attorney fees incurred in pursuing this action against Defendant; and for all other relief the Court deems just and proper.

11

## COUNT V - PLAINTIFF'S CLAIM OF DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *et seq.* (FDCPA)

66. Plaintiff incorporates herein paragraphs 1 through 65 as stated above.

67. Defendant referred collection activities to a third-party collection agent, Capital

Management Services, Inc. of Buffalo, New York, in January, 2004.

68. At all times, Capital Management Services, Inc. was acting as a collection agent

on behalf of Defendant.

69. Capital Management Services, Inc., mailed a written collection notice to Plaintiff

on or about January 21, 2004.

70. Capital Management Services, Inc. further made harassing phone calls to

Plaintiff's home and business in the winter of 2004, all while acting as an

authorized agent of Defendant.

71. Defendant and Capital Management Services, Inc. knew, or should of known, that

the debts it was attempting to collect from Plaintiff were false, undocumented and

inaccurate.

72. Defendant and Capital Management Services, Inc. further knew, or should of

known, that Plaintiff disputed his liability for such debts, which were allegedly

overdue and unpaid.

73. Defendant, individually and through its agent Capital Management Services, Inc.,

conducted and carried out unfair collection practices toward Plaintiff.

74. Defendant's practices, both individually and through its agent Capital

Management Services, Inc., violated the federal Fair Debt Collection Practices

Act.

12

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000; for punitive damages provided for under the Fair Debt Collection Practices Act; for the costs of this action; for statutory interest; for his attorney fees incurred in pursuing this action against Defendant; and for all other relief the Court deems just and proper.

## COUNT VI - PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT US BANK

75. Plaintiff incorporates herein paragraphs 1 through 74 as stated above.

76. Defendant owed Plaintiff a duty to report accurate and truthful information to consumer reporting agencies, including but not limited to Experian, CSC Credit Services and Trans Union, with regard to Plaintiff's payment history on the above stated HELOC.

77. Further, Defendant owed Plaintiff a duty to only pursue collection activity against Plaintiff for only verified and documented overdue and unpaid amounts.

78. Defendant breached its duties to Plaintiff by reporting inaccurate and false information to consumer reporting agencies, including but not limited to Experian, CSC Credit Services and Trans Union, with regard to Plaintiff's payment history, and by pursuing collection activity against Plaintiff on non-documented overdue amounts.

79. As a direct and proximate result of Defendant's negligence, Plaintiff's credit scores maintained by consumer reporting agencies and credit bureaus, including but not limited to Experian, CSC Credit Services and Trans Union, were

artificially lowered, charge offs were recorded on Plaintiff's credit reports, and

various late payment citations were noted on Plaintiff's credit reports.

80. As a direct and proximate result of Defendant's negligence, Plaintiff has been

denied financing on various lines of credit over the last several months, including

but not limited to home refinancing and financing on a new home purchase, all to

Plaintiff's damage and suffering.

81. Plaintiff being denied financing on a new home purchase has caused Plaintiff

actual, economic damages exceeding $180,000.00.

82. Defendant's conduct toward Plaintiff is wanton, willful and/or intentional, and

thus punitive damages are warranted under Kansas law.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in

excess of $75,000; for punitive damages; for the costs of this action; for statutory interest;

for his attorney fees incurred in pursuing this action against Defendant; and for all other

relief the Court deems just and proper.

## COUNT VII - PLAINTIFF'S CLAIMS OF BREACH OF FIDUCIARY DUTIES BY DEFENDANT

83. Plaintiff incorporates herein paragraphs 1 through 82 as stated above.

84. Defendant voluntarily agreed and accepted to handle, credit and document

Plaintiff's scheduled payments on the above referenced HELOC, and by doing

such Defendant made a voluntary and conscious assumption to enter into a

fiduciary role as to Plaintiff.

85. Defendant had both written and implied knowledge that the above referenced

alleged amounts overdue by Plaintiff had been paid in a timely manner by

14

Plaintiff, yet Defendant initiated and continued to pursue collection activities against Plaintiff and report an inaccurate and unsubstantiated late payment history on Plaintiff to national credit reporting bureaus, including but not limited to Experian, CSC Credit Services and Trans Union.

86. Defendant intentionally and/or wantonly neglected its reporting and recording duties toward Plaintiff's scheduled payments on his HELOC, all to Plaintiff's damage.

87. Defendant possesses no justification or excuse for its intentional and/or wanton behavior in failing to properly record and credit Plaintiff's scheduled HELOC payments in full and in a timely manner.

88. Defendant thereby breached its fiduciary duties owed to Plaintiff.

89. As a direct and proximate result of Defendant's breach of its fiduciary duties, Defendant initiated collection activities against Plaintiff and subsequently reported negative notations on Plaintiff's credit reports maintained by national credit reporting bureaus, including but not limited to Experian, CSC Credit Services and Trans Union, and further referred collection activities to a third-party collection agent.

90. As a direct and proximate result of Defendant's negligence and breaches of fiduciary duties, Plaintiff has been denied financing on various lines of credit over the last several months, including but not limited to home refinancing and financing on a new home purchase, all to Plaintiff's economic damage and suffering.

15

91. Plaintiff being denied financing on a new home purchase has caused Plaintiff
actual damages exceeding $180,000.00.

92. Defendant's conduct toward Plaintiff is wanton, willful and/or intentional, and
thus punitive damages are warranted under Kansas law.

93. Plaintiff's credit has been irreparably damaged and defamed; and Plaintiff has
suffered substantial mental anguish and emotional distress as a result of
Defendant's tortuous conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in
excess of $75,000; for punitive damages; for the costs of this action; for statutory interest;
for his attorney fees incurred in pursuing this action against Defendant; and for all other
relief the Court deems just and proper.

## COUNT VIII – PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE
## WITH CREDIT EXPECTANCY

94. Plaintiff incorporates herein paragraphs 1 through 93 as stated above.

95. Defendant had a reasonable expectation that if it did not properly credit and
record Plaintiff's HELOC payments, and further that if Defendant reported a false
and misleading HELOC payment history to national credit reporting depositories,
that it would irreparably harm Plaintiff's credit rating.

96. As a direct and proximate result of Defendant's failure to properly record and
credit Plaintiff's HELOC payment history, and further by Defendant's willful and
wanton conduct in reporting a false and inaccurate HELOC payment history to
national credit reporting depositories on Plaintiff, Plaintiff's credit history was

16

irreparably harmed and Defendant thereby interfered with Plaintiff's future credit expectancy.

97. As a direct and proximate result of Defendant's failures, Plaintiff has been denied financing on various lines of credit over the last several months, including but not limited to home refinancing and financing on a new home purchase, all to Plaintiff's damage and suffering.

98. Plaintiff being denied financing on a new home purchase has caused Plaintiff actual, economic damages exceeding $180,000.00.

99. Plaintiff's credit has been irreparably damaged and defamed; and Plaintiff has suffered substantial mental anguish and emotional distress as a result of Defendant's tortuous conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000; for punitive damages; for the costs of this action; for statutory interest; for his attorney fees incurred in pursuing this action against Defendant; and for all other relief the Court deems just and proper.

## COUNT IX – PLAINTIFF'S COMMON LAW CLAIM FOR RELIEF FOR WRONGFUL DEBT COLLECTION PRACTICES

100.    Plaintiff incorporates herein paragraphs 1 through 99 as stated above.

101.    Defendant's false and unfounded collection activities against Plaintiff constitute extreme and outrageous conduct so that Defendant thereby intentionally or recklessly caused Plaintiff severe emotional distress.

17

102.   Defendant's false and unfounded collection activities against Plaintiff are
so extreme and so severe that no reasonable person should be expected to endure
them.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in
excess of $75,000; for punitive damages; for the costs of this action; for statutory interest;
for his attorney fees incurred in pursuing this action against Defendant; and for all other
relief the Court deems just and proper.

## COUNT X – PLAINTIFF'S CLAIM AGAINST DEFENDAT FOR VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT, K.S.A. 16a-1-101 *et. seq.*

103.   Plaintiff incorporates herein paragraphs 1 through 102 as stated above.

104.   Defendant is covered by the Kansas Consumer Protection Act while
conducting collection activities against creditors, including but not limited to
Plaintiff.

105.   Defendant's false and unfounded collection activities against Plaintiff,
multiple harassing phone calls to Plaintiff's home and business, mailing of
multiple demeaning collection notices to Plaintiff's residence, and referral of
Plaintiff to a third-party collection agent, all constitute unconscionable acts under
the Kansas Consumer Protection Act.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in
excess of $75,000; for punitive damages; for the costs of this action; for statutory interest;
for his attorney fees incurred in pursuing this action against Defendant; and for all other
relief the Court deems just and proper.

18

## COUNT XI – PLAINTIFF'S CLAIM OF OUTRAGE

106.    Plaintiff incorporates herein paragraphs 1 through 105 as stated above.

107.    Defendant's false and unfounded collection activities against Plaintiff, multiple harassing phone calls to Plaintiff's home and business, mailing of multiple demeaning collection notices to Plaintiff's residence, and referral of Plaintiff to a third-party collection agent, all done while Defendant knew or should of known that Plaintiff did not owe the alleged amounts overdue, constitute extreme and outrageous conduct under the law of Kansas.

108.    Defendant's false and unfounded collection activities against Plaintiff constitute extreme and outrageous conduct so that Defendant thereby intentionally or recklessly caused Plaintiff severe emotional distress.

109.    Defendant's false and unfounded collection activities against Plaintiff are so extreme and so outrageous that no reasonable person should be expected to endure them.

**WHEREFORE,** Plaintiff prays for judgment against Defendant in an amount in excess of $75,000; for punitive damages; for the costs of this action; for statutory interest; for his attorney fees incurred in pursuing this action against Defendant; and for all other relief the Court deems just and proper.

## COUNT X – PLAINTIFF'S CLAIM OF DEFAMATION AND LIBEL AGAINST DEFENDANT

110.    Plaintiff incorporates herein paragraphs 1 through 109 as stated above.

19

111.   During the course of its false and unsubstantiated collection activities
       against Plaintiff, Defendant uttered and/or wrote defamatory words regarding
       Plaintiff; specifically, that Plaintiff was late on his scheduled HELOC payments
       and/or that Plaintiff was delinquent on his scheduled HELOC payments and/or
       that Plaintiff's account was "charged off" as bad debt by Defendant.

112.   During the course of its false and unsubstantiated collection activities
       against Plaintiff, Defendant communicated these false and defamatory words
       regarding Plaintiff to third persons; specifically, consumer reporting agencies,
       including but not limited to Experian, CSC Credit Services and Trans Union, with
       regard to Plaintiff's HELOC payment history, and Capital Management Services,
       Inc. and its agents and employees in the process of referring Plaintiff to collection
       for alleged unpaid and overdue charges.

113.   Through credit reports generated by the consumer reporting agencies,
       including but not limited to Experian, CSC Credit Services and Trans Union,
       these false and defamatory words of Defendant were further published to other
       third-parties that Plaintiff attempted to obtain lines of credit from for a new home
       financing and refinancing on his current home.

114.   Plaintiff's reputation in the general community was injured as a result of
       these false and defamatory words being published to third-persons, including but
       not limited to Experian, CSC Credit Services, Trans Union, First National Bank,
       and Novastar Mortgage Company, among others, and all of their agents and
       employees who dealt with Plaintiff or inspected Plaintiff's credit report and/or
       applications for credit.

20

115.    As a result of Defendant's conduct and actions, Plaintiff's respect,

goodwill and confidence to which he is held in the public at large was irreparably

damaged.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in an amount in

excess of $75,000; for punitive damages; for the costs of this action; for statutory interest;

for his attorney fees incurred in pursuing this action against Defendant; and for all other

relief the Court deems just and proper.

## COUNT XI – PLAINTIFF'S CLAIM OF FALSE LIGHT AND INVASION OF PRIVACY AGAINST DEFENDANT

116.    Plaintiff incorporates herein paragraphs 1 through 115 as stated above.

117.    During the course of its false and unsubstantiated collection activities

against Plaintiff, Defendant published untrue statements of fact regarding

Plaintiff; specifically, that Plaintiff was late on his scheduled HELOC payments

and/or that Plaintiff was delinquent on his scheduled HELOC payments and/or

that Plaintiff's account was "charged off" as bad debt by Defendant and/or that

Plaintiff owed $420 in late charges.

118.    During the course of its false and unsubstantiated collection activities

against Plaintiff, Defendant published these false and defamatory words regarding

Plaintiff to third persons; specifically, consumer reporting agencies, including but

not limited to Experian, CSC Credit Services and Trans Union, with regard to

Plaintiff's HELOC payment history, and Capital Management Services, Inc. and

its agents and employees in the process of referring Plaintiff to collection for

alleged unpaid and overdue charges.

21

119.    Through credit reports generated by the consumer reporting agencies, including but not limited to Experian, CSC Credit Services and Trans Union, these false and defamatory words were further published to other third-parties that Plaintiff attempted to obtain lines of credit from for a new home financing and refinancing on his current home.

120.    Plaintiff's reputation in the general community was injured as a result of these false and defamatory words being published to third-persons, including but not limited to Experian, CSC Credit Services, Trans Union, First National Bank, and Novastar Mortgage Company, among others, and all of their agents and employees who dealt with Plaintiff or inspected Plaintiff's credit report and/or applications for credit.

121.    Defendant's allegations and publications regarding Plaintiff are false.

122.    Defendant's representations regarding Plaintiff are highly offensive to any reasonable person.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000; for punitive damages; for the costs of this action; for statutory interest; for his attorney fees incurred in pursuing this action against Defendant; and for all other relief the Court deems just and proper.

## COUNT XII – PLAINTIFF'S CLAIM OF FRAUD AGAINST DEFENDANT

123.    Plaintiff incorporates herein paragraphs 1 through 122 as stated above.

124.    During the course of its false and unsubstantiated collection activities against Plaintiff, Defendant uttered and/or wrote defamatory words regarding

22

Plaintiff; specifically, that Plaintiff was late on his scheduled HELOC payments and/or that Plaintiff was delinquent on his scheduled HELOC payments and/or that Plaintiff's account was "charged off" as bad debt by Defendant.

125.   Defendant knew such statements of alleged fact were false when they were made to third parties.

126.   Defendants statements of alleged fact were made with the intent to deceive and/or with reckless disregard for the truth. Further, Defendant was attempting to collect false and unwarranted late fees against Plaintiff.

127.   Such statements of alleged fact were relied upon by third persons that Plaintiff was attempting to do business with, specifically banks with which Plaintiff was attempting to obtain financing through for purposes of purchasing a new home and refinancing his current home.

128.   Plaintiff's banks and mortgage companies that he dealt with, including but not limited First National Bank and Novastar Mortgage Company, specifically relied upon Defendant's statements of alleged fact as they so appeared on Plaintiff's national credit reports in denying Plaintiff financing for a new home and refinancing on his current home.

129.   As a result of Defendant's statements of alleged fact, which they knew to be false when they so made and reported them, Plaintiff was irreparably injured, both economically and non-economically, all to his damage.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000; for punitive damages; for the costs of this action; for statutory interest;

23

for his attorney fees incurred in pursuing this action against Defendant; and for all other

relief the Court deems just and proper.


                                        Respectfully submitted,

                                        HAYES & KULEB L.L.C.



                                        Spencer C. Shields, KS #17819
                                        7300 W. 110th Street, Suite 900
                                        Overland Park, KS 66210
                                        (913) 338-2557 Telephone
                                        (913) 345-8553 Facsimile

                                        ATTORNEYS FOR PLAINTIFF

                        **DEMAND FOR JURY TRIAL**

        **COMES NOW** Plaintiff, and requests trial by jury on all factual issues presented

herein.



                                        Spencer C. Shields, KS #17819

                                        ATTORNEYS FOR PLAINTIFF


                                24

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPENCER C. SHIELDS,

                Plaintiff,

    v.

US BANK NATIONAL ASSOCIATION ND,
f/n/a FIRST BANK OF SOUTH DAKOTA
(NATIONAL ASSOCIATION), US
BANCORP INSURANCE SERVICES, INC.,
and US BANCORP f/k/a FIRST BANK
SYSTEMS, INC.,

              Defendants.

Case No.: _____

## NOTICE TO PLAINTIFF OF REMOVAL

> TO:    Spencer C. Shields
>         HAYES & KIELER, L.L.C.
>         Commerce Plaza I
>         7300 West 110th Street, Suite 900
>         Overland Park, Kansas 66210-2387
>         PLAINTIFF PRO SE

PLEASE TAKE NOTICE that Defendants U.S. Bank National Association ND,

f/n/a First Bank of South Dakota (National Association), U.S. Bancorp Insurance Services, Inc.,

and U.S. Bancorp f/k/a First Bank Systems, Inc. (collectively "U.S. Bank") has filed a Notice of

Removal, a copy of which is attached, with the Clerk of the United States District Court for the

District of Kansas.

Dated:  February 22, 2005

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _s/Toby Crouse_____
    TOBY CROUSE, #20030
    TIMOTHY M. O'BRIEN, #11750

436954v1

84 Corporate Woods
10801 Mastin, Suite 1000
Overland Park, Kansas 66210-1671
Telephone: (913) 451-6060
Facsimile: (913) 451-8879
Email: tcrouse@shb.com
Email: tobrien@shb.com

ATTORNEY FOR DEFENDANTS
U.S. BANK NATIONAL ASSOCIATION ND,
f/n/a FIRST BANK OF SOUTH DAKOTA
(NATIONAL ASSOCIATION), U.S. BANCORP
INSURANCE SERVICES, INC., and U.S.
BANCORP f/k/a FIRST BANK SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February 2005, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system.

I further certify, that on the 22nd day of February 2005, a true and correct copy of the above and foregoing was sent by U.S. Mail, first-class, postage prepaid, to:

Spencer C. Shields
HAYES & KIELER, L.L.C.
Commerce Plaza I
7300 West 110th Street, Suite 900
Overland Park, Kansas 66210-2387

PLAINTIFF PRO SE

s/Toby Crouse
Attorney for Defendants

436954v1

BOX 123

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DIVISION

SPENCER C. SHIELDS,

               Plaintiff,

v.

US BANK NATIONAL ASSOCIATION ND,
f/n/a FIRST BANK OF SOUTH DAKOTA
(NATIONAL ASSOCIATION), US
BANCORP INSURANCE SERVICES, INC.,
and US BANCORP f/k/a FIRST BANK
SYSTEMS, INC.,

               Defendants.

Case No.: 05 CV 00677
Division No.: 3

## NOTICE TO THE DISTRICT COURT OF JOHNSON COUNTY

PLEASE TAKE NOTICE that Defendants U.S. Bank National Association ND, f/n/a First Bank of South Dakota (National Association), U.S. Bancorp Insurance Services, Inc., and U.S. Bancorp f/k/a First Bank Systems, Inc. (collectively "U.S. Bank") has filed a Notice of Removal of this action in the office of the Clerk of the United States District Court for the District of Kansas.  Pursuant to such Notice of Removal, this action has been removed to the United States District Court for the District of Kansas.  This notice is given in accordance with 28 U.S.C. § 1446(d) and D. Kan. R. 81.1.  A true and correct copy of the Notice of Removal (without attachments) filed in the federal court is attached as Exhibit 1 to this notice.

In accordance with 28 U.S.C. § 1446(d), this Court should proceed no further unless this action is remanded.

Dated: February 22, 2005.

436938v1
**FILED BY FAX**
In the District Court of Johnson County, Kansas
Shields v. US Bank et al., Case No. 05 CV 00677
Notice to the District Court of Johnson County

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By :

TOBY CROUSE, #20030
TIMOTHY M. O'BRIEN, #11750

84 Corporate Woods
10801 Mastin, Suite 1000
Overland Park, Kansas 66210-1697
Telephone: (913) 451-6060
Facsimile: (913) 451-8879

ATTORNEY FOR DEFENDANTS
U.S. BANK NATIONAL ASSOCIATION ND,
f/n/a FIRST BANK OF SOUTH DAKOTA
(NATIONAL ASSOCIATION), U.S. BANCORP
INSURANCE SERVICES, INC., and U.S.
BANCORP f/k/a FIRST BANK SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify, that on the 22nd day of February, 2005, a true and correct copy of the above and foregoing was sent by U.S. Mail, first-class, postage prepaid, to:

Spencer C. Shields
HAYES & KIELER, L.L.C.
Commerce Plaza I
7300 West 110th Street, Suite 900
Overland Park, Kansas 66210-2387

PLAINTIFF PRO SE

Attorney for Defendants

2

436938v1
**FILED BY FAX**
In the District Court of Johnson County, Kansas
Shields v. US Bank et al., Case No. 05 CV 00677
Notice to the District Court of Johnson County