IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPENCER C. SHIELDS,

        Plaintiff,

vs.                                                   Case No. 05-2073-CM-DJW

U.S. BANK NATIONAL
ASSOCIATION ND, et al.,

        Defendants.

## PROTECTIVE ORDER

The parties to this lawsuit, Plaintiff Spencer C. Shields and Defendants U.S. Bank National Association ND, f/n/a First Bank of South Dakota (National Association), U.S. Bancorp Insurance Services, Inc., and U.S. Bancorp f/k/a First Bank Systems, Inc. (collectively "U.S. Bank"), have exchanged and anticipate seeking information during discovery which does and may contain proprietary, confidential, personal, and/or trade secret information. More specifically, the confidential information consists of:

- Plaintiff's personal financial information, including account numbers, account balances, and credit history; and

- Defendants' policies and procedures that contain proprietary information relating to the collection and processing of loan information.

The parties agree that public disclosure and dissemination of such information would substantially harm a party and, in order to facilitate the discovery of such information in this action, to prevent unnecessary prejudice, and in view of the agreement of the parties regarding discovery as set forth herein,

the Court finds that, pursuant to Fed. R. Civ. P. 26(c)(7), good cause exists for the issuance of this Protective Order. Accordingly, the Court hereby orders as follows

1. As used in this Protective Order, the following words shall have the following meanings:

   a. "Court" means the United States District Court for the District of Kansas;

   b. "Plaintiff" means Spencer C. Shields, and any person acting on his behalf, including, without limitation, consultants, attorneys, or agents;

   c. "Defendants" means U.S. Bank National Association ND, f/n/a First Bank of South Dakota (National Association), U.S. Bancorp Insurance Services, Inc., and U.S. Bancorp f/k/a First Bank Systems, Inc. (collectively "U.S. Bank"), and any persons acting on their behalf, including officials, employees, consultants, attorneys, or agents;

   d. "Disclosed" is used in its broadest sense and includes shown, divulged, revealed, produced, described, or transmitted, in whole or in part;

   e. "Discovery" is given the same meaning as ascribed to it under the Federal Rules of Civil Procedure;

   f. "Confidential information" means material that (i) a party reasonably believes is not to be in the public domain (i.e., not generally known and not reasonably ascertainable by proper means), and (ii) consists of

      (1) Plaintiff's personal financial information, including account numbers, account balances, and credit history; and

      (2) Defendants' policies and procedures that contain proprietary information relating to the collection and processing of loan information.

    g.    "Materials" means any documents, affidavits, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, in response to discovery requests in this action by any party or non-party;

    h.    "Non-party" means any natural person (acting in their individual or some other capacity), partnership, corporation, association, or other legal entity not named in the action captioned above and pending in this Court; and

    i.    "Party" or "parties" means the Plaintiff and the Defendants in this action.

2. Disclosed materials containing confidential information may be designated or stamped as "Confidential" by a party. Such materials shall be referred to herein as "Confidential Materials."

3. Confidential Materials shall be used only for purposes of this action and shall not be used for any other purposes or action whatsoever.

4. Confidential Materials shall be treated by the non-producing party, its agents and employees, as confidential matter and shall not be disclosed, given, shown, made available, discussed, or otherwise communicated to anyone other than:

    a.    Counsel for the parties to this action or persons employed by such attorneys to assist in the litigation;

    b.    experts retained by either party to assist in the litigation of this matter; and

    c.    court personnel and stenographic reporters in proceedings incident to the preparation or trial of this litigation.

5. Prior to transferring or communicating Confidential Materials to any person, counsel for the non-producing party will secure such person's written agreement to be bound by all of the terms of this Confidentiality Agreement, including the prohibition against contacts with non-parties identified in the Confidential Materials, and that he or she will submit to this Court's jurisdiction for purposes of enforcing this Order.  Counsel will provide opposing counsel with a copy of all written agreements within seven days of providing Confidential Materials to non-parties.

6. In the event that any party seeks to include Confidential Materials in any court filing or proceeding, such party shall file a separate motion requesting the materials be filed under seal and shall support the request with the requisite showing of good cause as required by federal rule.  If a document ultimately is filed under seal, it shall not lose its confidential status through such use.

7. If any person or entity requests or demands access to Confidential Materials by subpoena or otherwise, counsel for the party receiving the demand or subpoena shall immediately notify counsel who supplied such materials.  The parties hereto shall cooperate in the assertion of all applicable rights or privileges with regard to such Confidential Materials in the appropriate forums.

8. At the conclusion of this litigation, all originals and copies of Confidential Materials in the possession, custody, or control of the non-producing party or person shall be returned to the producing party within sixty (60) days of final resolution of the case.

9. If the non-producing party believes that materials designated as "Confidential" do not warrant such designation, it shall first make a good faith effort to resolve such dispute with counsel for the producing party.  In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether or not the "Confidential" designation is appropriate.  The burden rests upon the party seeking confidentiality to demonstrate that such

designation is appropriate. Pending resolution of such dispute, the materials at issue shall be treated by the parties as "Confidential" and shall be fully subject to the provisions of this Agreement.

10. The production of material without the appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon receiving notice from a producing party that previously produced information has not been denominated as Confidential but should be, all such material shall be re-denominated as Confidential and treated as such. The party receiving such previously undenominated Confidential Material shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes based on such material and which have been or will be circulated outside the offices of counsel for the Parties shall immediately be treated in conformity with any such re-designation.

11. The inadvertent production of privileged material shall not be deemed a waiver or impairment of any claim of protection from disclosure of any such material. Upon receiving notice from a producing party that privileged materials were inadvertently produced, the receiving party shall review the materials to determine if the receiving party agrees that the material is privileged and that the disclosure was inadvertent. If the receiving party agrees that the material is privileged and that the disclosure was inadvertent, all such materials shall be promptly returned upon request. A party's return of the alleged privileged materials shall not be construed as an acknowledgment or admission that the materials are, in fact, privileged. If, after reviewing the materials, the receiving party reasonably and in good faith believes that the materials are not privileged, or that the disclosure was not inadvertent, the receiving party shall notify the producing party of its belief. Thereafter, the producing party may file a motion seeking the return of materials the producing party believes to be privileged and to have been inadvertently produced. In resolving such

disputes, the burden of persuasion that the materials are privileged and were inadvertently produced shall remain with the party that produced those materials. Pending resolution of such a dispute by the Court, the material shall be treated as privileged.

12. The parties reserve all rights to apply to the Court for any order:

   a. modifying this Protective Order; or

   b. seeking further protection against discovery or other use of Confidential Material or other information, documents, transcripts, or material.

13. Any party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 29th day of August, 2005.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc:   All counsel and *pro se* parties