# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SPENCER C. SHIELDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2073-CM** |
| | ) | |
| **U.S. BANK NATIONAL ASSOCIATION** | ) | |
| **ND, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Spencer C. Shields brings this action against defendants U.S. Bank National Association ND, f/k/a First Bank of South Dakota, U.S. Bancorp Insurance Services, Inc., and U.S. Bancorp, f/k/a First Bank Systems, Inc. (collectively "U.S. Bank") for damages allegedly arising out of a mortgage loan agreement between the parties.  Plaintiff claims that U.S. Bank failed to properly credit payment on his account, and claims that U.S. Bank's attempts to collect on the account and reports of the account's delinquency to credit reporting agencies were improper and unwarranted.

U.S. Bank filed a Motion for More Definite Statement and Motion to Dismiss (Doc. 10).  In that motion, U.S. Bank seeks dismissal of eight counts of plaintiff's complaint and a more definite statement of one count.  Plaintiff concedes that five of the eight counts should be dismissed, and agrees that one count is inadequately pleaded and asks to amend it.  Remaining for the court's consideration are the arguments regarding dismissal of Counts VI (negligence), VII (breach of fiduciary duty), and VIII (tortious interference with credit expectancy).  For the following reasons, the court grants U.S. Bank's motion in part and denies

it in part.

## I.        STANDARD FOR JUDGMENT

U.S. Bank moves to dismiss the counts in plaintiff's complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff

is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*,

355 U.S. 41, 45-46 (1957).  "All well-pleaded facts, as distinguished from conclusory allegations, must be

taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The court must view all

reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.*; Fed. R.

Civ. P. 8(f).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but

whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974), *overruled on other grounds by Harlow v. Fiztgerald*, 457 U.S. 800 (1982).

## II.       DISCUSSION

## A.       Count VI - Negligence

Plaintiff alleges in Count VI that U.S. Bank was negligent in (1) failing to report accurate and

truthful information to consumer reporting agencies, and (2) pursuing collection activity against plaintiff

based on unverified and undocumented overdue and unpaid amounts.  Plaintiff pleads his negligence claim

in the alternative to a breach of contract claim for breach of the mortgage loan agreement.  U.S. Bank

counters that any duty to refrain from engaging in such activities arises from the mortgage loan agreement.

According to U.S. Bank, since plaintiff alleges that U.S. Bank breached the mortgage loan agreement

based on the same set of facts, the negligence claim should be dismissed as duplicative.  U.S. Bank

maintains that plaintiff cannot pursue both remedies.

U.S. Bank cites several cases in support of its position, each of which is distinguishable on its facts. *See, e.g., Prendiville v. Contemporary Homes, Inc.*, 83 P.3d 1257, 1259-60 (Kan. App. 2004) (discussing why the economic loss doctrine prevents a party from seeking a tort remedy when the circumstances are governed by contract); *Beeson v. Erickson*, 917 P.2d 901, 905-06, 909 (Kan. App. 1996) (holding that a party cannot plead a tort action to escape arbitration provisions in a contract or to seek a remedy for actions which were specifically permitted by contract). More on point to the issue of whether a contract action and a tort action can arise out of the same set of facts are the cases of *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130, 145-46 (Kan. 2003) and *Bittel v. Farm Credit Servs. of Cent. Kan.*, 962 P.2d 491, 497-87 (Kan. 1998). In both cases, the Kansas Supreme Court held that, "when the same conduct could satisfy the elements of both a breach of contract or of an independent tort, unless the conduct is permitted by the express provisions of a contract, a plaintiff may pursue both remedies." *Bittel*, 962 P.2d at 498; *see Burcham*, 77 P.3d at 145. Here, there are no allegations suggesting that the actions plaintiff complains of are permitted by contract. Moreover, the court does not have the contract before it at this time. Although the court will not permit plaintiff to make a double recovery, alternative pleading of his negligence and contract claims is appropriate at this point.

In its reply brief, U.S. Bank expands its argument slightly, and asks the court to find that there is no duty under Kansas law to accurately report information to consumer reporting agencies or to pursue collection activity based only on verified and documented information. Although this argument is connected to U.S. Bank's argument made in its original brief, the court finds that it is sufficiently distinct such that plaintiff has not had the opportunity to respond to it, and the court will not address it at this time. *See*

*Hernandez v. Data Sys. Int'l, Inc.*, 266 F. Supp. 2d 1285, 1301 (D. Kan. 2003) (citations omitted); *see also Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1554 n.6 (10th Cir. 1992) (declining to consider issue first raised in reply brief).

For these reasons, the court denies U.S. Bank's motion to dismiss Count VI.

**B.      Count VII - Breach of Fiduciary Duty**

In Count VII, plaintiff claims that U.S. Bank entered into a fiduciary relationship with plaintiff when it undertook to manage plaintiff's mortgage loan, and that U.S. Bank breached that duty when it failed to record plaintiff's payments in a timely manner.  Plaintiff alleges that he provided to U.S. Bank confidential information, and that U.S. Bank used that information without good faith or due regard to plaintiff's interests.  U.S. Bank responds that a loan agreement cannot create a broad fiduciary relationship.  Although plaintiff acknowledges that the mortgage loan agreement did not create a broad fiduciary relationship, plaintiff maintains that U.S. Bank had a fiduciary duty with respect to the confidential information he provided.

Under Kansas law, "[a] fiduciary relation . . . exist[s] in cases where there has been a special confidence reposed in one who, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." *Denison State Bank v. Madeira*, 640 P.2d 1235, 1242 (Kan. 1982) (citation omitted).  Absent clear intent by the parties, an ordinary business relationship should not be converted into a fiduciary relationship.  *Gottstein v. Nat'l Ass'n for the Self Employed*, 53 F. Supp. 2d 1212, 1222 (D. Kan. 1999) (citation omitted).  Generally, a loan agreement between a lender and a borrower does not create a fiduciary duty.  *United States v. Wells*, 1998 WL 47799, at *4 (D. Kan. Jan. 30, 1998) (citation omitted); *First Bank of Wakeeney v. Moden*, 681 P.2d

11, 13 (Kan. 1984) ("Ordinarily, the relationship between a bank and its customer is that of a creditor-debtor and not that of a fiduciary." (citations omitted)).  Kansas law requires conscious assumption of an alleged fiduciary duty.  *Rajala v. Allied Corp.*, 919 F.2d 610, 615 (10th Cir. 1990) (citation omitted).

Although a party alleging a breach of fiduciary duty need only satisfy the general pleading standard of Fed. R. Civ. P. 8(a), the court concludes that plaintiff has not met his burden in the instant case.  Plaintiff makes the conclusory allegation that U.S. Bank "made a voluntary and conscious assumption to enter into a fiduciary role as to plaintiff."  But plaintiff has failed to allege any facts that would suggest that U.S. Bank agreed to act primarily for the benefit of plaintiff or that U.S. Bank was anything other than plaintiff's creditor.  Plaintiff simply alleges that defendant initiated and continued collection activities based on an inaccurate and unsubstantiated late payment history.

*Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 910 F. Supp. 543 (D. Kan. 1995), the case plaintiff cites in support of his position, does not alter the court's analysis.  *Old Colony* recognizes a fiduciary duty where a party provides confidential information to another.  910 F. Supp. at 547.  But the facts of *Old Colony* bear no resemblance to the facts alleged in plaintiff's complaint.  In *Old Colony*, the plaintiff alleged that it provided the defendant with confidential information about a potential development project based on the representation that the defendant would help the plaintiff obtain financing for the project.  *Id.* at 545.  Instead, the defendant used the information for his own personal gain – specifically, to buy an interest in the plaintiff's development project.  *Id.*

In this case, plaintiff's complaint contains no allegations similar to those in *Old Colony*, and the court finds the case distinguishable on its facts.  Plaintiff's complaint insufficiently alleges the existence of a fiduciary relationship between the parties, and the court therefore dismisses plaintiff's claim for breach of

-5-

fiduciary duty.

## C.     Count VIII - Tortious Interference with Credit Expectancy

Plaintiff's claim in Count VIII is a claim for tortious interference with credit expectancy.  Plaintiff admits that he is aware of no such claim under Kansas law, but asks the court to treat it as one for tortious interference with a prospective business advantage or relationship.  U.S. Bank contends that treating the claim as one for tortious interference with a prospective business advantage or relationship is futile because (1) plaintiff has failed to allege facts supporting the elements of such a claim, and (2) it is impermissibly duplicative of plaintiff's defamation claim.  The court dismisses the claim because the underlying conduct is the same as that pleaded with respect to plaintiff's defamation claim.

A plaintiff cannot characterize a claim as one of tortious interference when it is based upon actions that are defamatory in nature.  *Taylor v. Int'l Union*, 968 P.2d 685, 679 (Kan. App. 1998); *see also Meyer Land & Cattle Co. v. Lincoln County Conservation Dist.*, 31 P.3d 970, 974 (Kan. App. 2001).  The court will look through the form of the claim to the substance in determining what type of claim plaintiff is actually alleging.  *Brown v. State*, 927 P.2d 938, 944 (Kan. 1996) ("'It is the substance of the claim and not the language used in stating it which controls.'" (citation omitted)).

Plaintiff supports his defamation claim by allegations that U.S. Bank made untrue statements about his accounts, payment history, and loan status.  The same allegations support his claim for tortious interference.  Such claim is duplicative and precluded under Kansas law.

**IT IS THEREFORE ORDERED** that U.S. Bank's Motion for More Definite Statement and Motion to Dismiss (Doc. 10) is granted in part and denied in part.  Specifically, Counts V, IX, (first) XI, (second) XI, and XII are dismissed by agreement of the parties.  Plaintiff should amend his complaint within

ten days to properly plead his first Count X.  Counts VII and VIII are also dismissed, but Count VI

remains in the case.

      Dated this <u>7th</u> day of December 2005, at Kansas City, Kansas.


                                                      **<u>s/ Carlos Murguia</u>**
                                                      **CARLOS MURGUIA**
                                                      **United States District Judge**