IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPENCER C. SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2073-CM |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION ND, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This case comes before the court on the motion of the defendants, U.S. Bank National Association ND, U.S. Bancorp Insurance Services, Inc., and U.S. Bancorp (collectively "U.S. Bank"), to compel the plaintiff, Spencer C. Shields, to respond to certain interrogatories and document requests **(doc. 50)**. Defendants have filed a supporting memorandum (doc. 51), plaintiff has responded (doc. 57), and defendants have replied (doc. 60). For the reasons set forth below, defendants' motion is granted.

In this suit, plaintiff alleges that defendants violated the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*). Plaintiff also alleges various state law claims, including breach of contract and negligence. This case was removed to federal court on February 22, 2005 and subsequently assigned to the undersigned magistrate judge on January 13, 2006.

I.      **Interrogatory No. 1**

Interrogatory No. 1 asks for a statement of plaintiff's places and dates of employment, as well as information as to the nature and amount of plaintiff's income, compensation, benefits, and the like from January 1999 to the present date.  Plaintiff objects on the basis that Interrogatory No. 1 seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence.  Plaintiff further states that he was employed by the law firm of Hayes & Kieler, L.L.C. from March 1997 through November 30, 2005.

Relevancy, of course, is broadly construed.  Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[1]  "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[2]  "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[3]  The question of relevancy naturally "is to be

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[2] *Id* (citations omitted).

[3] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

more loosely construed at the discovery stage than at the trial."[4]  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[5]

Plaintiff contends in this case that he was denied credit by third-party institutions as a result of defendants' actions.  Defendants claim that plaintiff's financial condition, rather than defendants' actions, may have precluded the third-party institutions from extending plaintiff credit.  The court finds that information pertaining to plaintiff's financial condition may lead to the discovery of admissible evidence regarding the third-party institutions' reason(s) for denying plaintiff credit.  The information sought by Interrogatory No. 1 is therefore relevant.  Accordingly, defendants' motion to compel with respect to Interrogatory No. 1 is granted.

## II.    Interrogatory No. 2

Interrogatory No. 2 seeks information and documents regarding plaintiff's loans and applications for loans between January 1999 and the present.  Plaintiff objects on the basis that this interrogatory seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence, but provides some information as to some loans made and applied for during that time.  Plaintiff has not, however, provided information as to the current status of those loans, nor has he provided any documents which reflect the

---

[4] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[5] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

status of the loans or reasons for denial.  In his response brief, plaintiff incorporates his arguments regarding Interrogatory No. 1, states that he has disclosed fifteen or more loans to defendants, and states that he has no more information to offer in response to Interrogatory No. 2.  Defendants argue that this information is relevant because it will shed light on plaintiff's financial condition, which may have been the reason for the denial of credit.  The court agrees.  Thus, defendants motion to compel with respect to Interrogatory No. 2 is granted.  Plaintiff shall respond fully to this interrogatory and provide any related documents which reflect the status of the loans or reasons for denial.

### III.  Document Request No. 1

Request No. 1 seeks documents that evidence attorneys' fees sought in this case.  In response, plaintiff stated that he would produce a fee agreement and a current attorney fee statement.  Significantly, plaintiff did not object to Request No. 1 at that time.  Plaintiff now claims that the documents sought are protected by the attorney-client privilege and/or the work product doctrine.

Of course, "'[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.'"[6] As plaintiff did not timely object in his response to Request No. 1 and has not shown good cause for the court to excuse such failure, any objection he may have is waived.  Thus, defendants' motion to compel with

---

[6] *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996) (quoting Fed. R. Civ. P. 33(b)(4), which governs interrogatories, and applying it to requests for production of documents and things).

respect to Request No. 1 is granted.

### IV.    Document Request No. 3

Request No. 3 asks for all documents related to liens or encumbrances upon plaintiff's home in Olathe, Kansas.   In response, plaintiff produced information related to the refinancing of his first and second mortgages on the home.  By letter, defendants clarified that they were actually seeking documents related to the first mortgage, which contained information not included in the mortgage related to the refinancing.  Plaintiff did not respond to this letter, but now argues that the documents related to the first mortgage are irrelevant.

Although plaintiff probably waived this objection by not including it in his response to Request No. 3 and by failing to respond to defendants' letter, the court finds that Request No. 3 seeks relevant information.  Defendants correctly point out that the first mortgage on plaintiff's home may contain information related to plaintiff's financial condition, which could lead to admissible evidence regarding plaintiff's denial of credit.   Accordingly, defendants' motion to compel with respect to Request No. 3 is granted.

### V.    Document Request Nos. 4-8

Request Nos. 4-8 seek plaintiff's bank statements, check registers, documents relied upon in any applications for credit, federal and state income tax returns, documents provided by creditors in response to credit applications, and the like for January 1999 through the present.  Plaintiff objects on the grounds that such information is irrelevant and incorporates by reference his arguments discussed above.  He further states that some of the information sought is available from other sources.

As with the other discovery request discussed above, the court finds that the documents sought by Request Nos. 4-8 are relevant as to plaintiff's financial condition, payments he allegedly made on outstanding loans, and his denial of credit. Further, the fact that defendants may receive these documents from another source does not preclude them from seeking the documents from plaintiff. As such, defendants' motion to compel with respect to Request Nos. 4-8 is granted.

## VI.     Document Request No. 13

Request No. 13 asks for all documents which evidence plaintiff's monthly payments on his outstanding home equity line of credit. Plaintiff objects on the grounds that "the request is not defined in time, is vague and burdensome." Defendants subsequently clarified that the request was limited in time to 1999, which was when the home equity line of credit originated. Thus, the court finds that this request is not unduly burdensome on its face. In his response brief, plaintiff simply states that he "has produced all of the information he is aware of that is responsive to this [r]equest." Plaintiff makes no argument as to how Request No. 13 is unduly burdensome. Therefore, the court grants defendants' motion to compel with respect to Request No. 13. Plaintiff shall produce all documents related to the payments he claims to have made on his home equity line of credit, including, but not limited to, his bank statements described in Request No. 4.

In consideration of the foregoing,

IT IS HEREBY ORDERED that the above-referenced motion **(doc. 50)** is granted.

Plaintiff shall comply with this order in all respects by **February 8, 2006**.

Dated this 24th day of January, 2006, at Kansas City, Kansas.


　s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge